UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOHNATHAN ALLEN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-25 |
| ) | |
| SHERIFF BLACKWELL, LINCOLN ) | Judge Atchley |
| COUNTY SHERIFF'S DEPARTMENT, ) | |
| LUKE HASTINGS, VICKY AFISOV, JIM ) | Magistrate Judge Lee |
| BALDWIN, JONATHAN ALLEN, and ) | |
| JOSH MURPHY, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM & ORDER

Plaintiff, a former prisoner of the Lincoln County Sheriff's Office now incarcerated in the Bedford County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1], a motion for production of discovery and interrogatories [Doc. 4], a memorandum in support of his complaint [Doc. 5], and a motion for leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] will be **GRANTED**, Plaintiff's motion regarding discovery [Doc. 4] will be **DENIED**, and Plaintiff will have thirty days from the date of entry of this order to file an amended complaint.

**I.   FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a)

twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six months before the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy.

## II. MOTION FOR DISCOVERY

Plaintiff has filed a motion requesting that the Court require Defendants to provide him with certain evidence and answers to interrogatories [Doc. 4 p. 1–4]. However, the Court generally is not the vehicle through which Plaintiff obtains discovery from Defendants, and it does not appear Plaintiff has sought this discovery directly from Defendants, who have not been served with process in this action. Accordingly, this motion [*Id.*] will be **DENIED.**

## III. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

### B. Allegations

In his complaint, Plaintiff states that the incidents underlying his complaint occurred between June 7, 2022, and November 10, 2022, in the Lincoln County Jail [Doc. 1 p. 5]. Plaintiff also states that he brings claims arising out of "several dates [and] several events," including a Prison Rape Elimination Act ("PREA") claim, and that these claims caused the death of Veronica McGear-Thompson and mental and physical injuries to him [*Id.* at 6]. Plaintiff further claims that (1) the Lincoln County Sheriff's Department denied him medical treatment; (2) he "will have

3

Case 1:23-cv-00025-CEA-SKL   Document 8   Filed 03/24/23   Page 3 of 10   PageID #: 223

life[]long injuries d[ue] to assault;" (3) his mother Ms. McGear-Thompson's death "is the result of gross negligence by Lincoln County Jail Staff," and (4) he now takes pain medication due to his injuries, and antipsychotics and antidepressants due to his mental health injuries from the Lincoln County Sheriff's Department [*Id.*]. In his complaint, Plaintiff repeatedly directs the Court to "See Attachment" [*Id.* at 5–6]. But Plaintiff did not file any attachment with his complaint.

Plaintiff did, however, later file a "memorandum" in support of his complaint [Doc. 5], which the Court presumes is the attachment to which he refers in his complaint. In this memorandum, Plaintiff first alleges that on January 12, 2022, he and Stasey Gregory, who are both black, were "following all rules" when Defendant Sgt. Hastings opened the door to their cell and attacked them in a manner that injured Plaintiff's back [*Id.* at 2]. Plaintiff's back has not healed, and Plaintiff is still in constant pain from this attack [*Id.*].

According to Plaintiff, Defendant Sgt. "Hastings assaults black inmates[] [p]hysically for sexual gratification," but the jail administration has not addressed this, and Defendant Administrator Vicky Lee Afisov "turned a blind-eye" to this conduct, even though many inmates filed grievances, sent affidavits, and sought to speak to an investigator about the incident involving Plaintiff and Mr. Gregory [*Id.*]. Also, Plaintiff did not receive medical attention for his injuries due to this incident until after he contacted an assistant district attorney, and the medical treatment he did receive was limited [*Id.*].

Plaintiff also claims that on January 31, 2022, "[t]here was a call for staff to pod 208," and "Plaintiff was si[ng]led out as retaliation" and taken to a holding cell even though he was not "[in]vol[v]ed in any infraction" [*Id.* at 3]. Plaintiff then saw Defendant Officer Allen and two other unnamed officers assaulting inmate Cullen McDougal, at which point "Plaintiff fell on the ground and ba[w][]led" [*Id.*]. Unnamed officers then "stripped [Plaintiff] completely naked" and

4

"paraded [Plaintiff] throughout the whole jail" while he was naked, thereby exposing him to males and females [*Id.*].  Unnamed officers also took Plaintiff to booking while he was naked, where Defendant Administrator Afisov inspected him, brushed against his genitals, and made a lewd comment [*Id.*].  Another female administrator also "gawked at Plaintiff" [*Id.*].

Unnamed jail officials then placed Plaintiff in isolation with no blanket, mattress, or running water, and Defendant Cpl. Murphy, Defendant Administrator Afisov, and others came to view Plaintiff in this isolation [*Id.*].  Plaintiff stayed in isolation for twenty-four hours without an incident report or explanation [*Id.*].  Plaintiff filed a grievance and a "final grievance" about this incident [*Id.*].

Then, on March 20, 2022, unnamed jail officials placed Plaintiff in isolation for a week "[a]s retaliation for the PREA complaints" [*Id.*].  During this time, Plaintiff had no bedding, blankets, or food and "went hungry for 3 days" [*Id.*].

Also, on June 17, 2022, Defendant Cpl. "Murphy wrote an incident report that lacked merit" and used it to place Plaintiff in isolation again [*Id.* at 4].  The incident report was dismissed after Plaintiff "requested review of" it, but Plaintiff was transferred to another facility [*Id.*].  Plaintiff claims that both this isolation and his transfer were retaliation [*Id.*].

Plaintiff was a pretrial detainee prior to August 6, 2022, when he received a fifty-four-month sentence at thirty percent [*Id.*].  Plaintiff should have been eligible for parole in October but the "Lincoln County Jail/Sheriff['s] Dep[artment]" failed to process his sentence documents [*Id.*].  Additionally, "all staff" knew that Plaintiff's mother needed his assistance because she was ill, but the staff deliberately and/or negligently failed to process his sentencing documents [*Id.*].  Accordingly, Plaintiff served additional time before making parole, and his mother did not receive her treatments [*Id.*].  Plaintiff requested a furlough to make his mother's funeral preparations, but

5

Case 1:23-cv-00025-CEA-SKL   Document 8   Filed 03/24/23   Page 5 of 10   PageID #: 225

Defendant Administrator Afisov denied that request and did not forward it to the Lincoln County Circuit Court [*Id.*]. Thus, Plaintiff's mother did not have a funeral [*Id.*].

Plaintiff has sued Sheriff Blackwell, Lincoln County Sheriff's Department,[1] Sgt. Luke Hastings, Administrator Vicky Afisov, Administrator Jim Baldwin, Officer Jonathan Allen, and Cpl. Josh Murphy [Doc. 1 p. 1–4]. As relief, Plaintiff seeks monetary damages in the form of nominal and punitive damages [*Id.* at 6]. Plaintiff also seeks injunctive relief that requires the jail to hire more minorities, higher wages for jail staff, a revamped jail medical program, and pretrial and "GPS Home Detention" programs [*Id.*].

C. Analysis

First, as set forth above, Plaintiff did not file his memorandum in support of his complaint with his complaint [Docs. 1, 5]. And to the extent Plaintiff intended to amend his complaint through his later-filed memorandum in support of his complaint, this filing does not comply with this Court's Local Rule that (1) requires a plaintiff seeking to amend his complaint to file a complete proposed amended complaint that does not incorporate any prior pleading by reference and (2) provides that failure to do so is grounds to deny the motion. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion"). Moreover, Plaintiff's complaint [Doc. 1], standing alone, is conclusory and fails to state a claim upon which relief may be granted under § 1983.

---

[1] At one point in the complaint, Plaintiff puts an "et al[.]" designation beside Lincoln County Sheriff's Department's name [*Id.* at 1]. Plaintiff also puts this designation next to Sheriff Blackwell's name in another portion of the complaint [*Id.* at 2]. However, the Court declines to speculate as to who, if anyone, Plaintiff intended to sue through this designation.

Also, in his memorandum in support of his complaint, Plaintiff sets forth a handwritten narrative of various events during his confinement but does not specify which Defendants he sues for each incident, and this information is not always clear from this filing [Doc. 5 p. 1–4].

Moreover, while Plaintiff names Sheriff Blackwelder and Administrator Baldwin as Defendants, he does not provide any facts from which the Court can plausibly infer that either of these Defendants was personally involved in any incident in his complaint, and these Defendants cannot be liable under § 1983 based only on their supervisory positions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983 (internal quotation marks and citations omitted)); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Additionally, while Plaintiff has named the Lincoln County Sheriff's Department as a Defendant, this is not a suable entity under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that

"the Shelby County Jail is not an entity subject to suit under §1983"). And Plaintiff does not allege that any act alleged in the complaint resulted from a custom or policy of Lincoln County, such that it could state a claim against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Accordingly, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible.[2] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint . . . .").

However, the Court also points out that some of Plaintiff's claims in his memorandum in support of his complaint [*Id.*] appear to arise out of events that are unrelated to each other, and the substance of these claims suggests that Plaintiff asserts them against different Defendants. But Plaintiff's unrelated claims against different Defendants would not be properly joined in any amended complaint Plaintiff files under Rule 20(a)(2). Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in

---

[2] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

8

one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

As such, Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any amended complaint he files, the Court will presume that he intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims without prejudice.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's motion regarding discovery [Doc. 4] is **DENIED**;

6. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

7. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

8. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint filings;

9. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

>   */s/ Charles E. Atchley, Jr.*
>   **CHARLES E. ATCHLEY, JR.**
>   **UNITED STATES DISTRICT JUDGE**