UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JOHNATHAN ALLEN, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:23-cv-25 |
| v. | ) | Judge Atchley |
| SHERIFF BLACKWELL, LUKE HASTINGS, VICKY AFISOV, JIM BALDWIN, JONATHAN ALLEN, and JOSH MURPHY, | ) | Magistrate Judge Dumitru |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1]. On November 13, 2024, Plaintiff sent the Court a filing in which he stated that he would no longer be located at the last address he provided the Court and would provide the Court an updated address "as soon as possible" [Doc. 68 at 1]. Then, on November 19, 2024, the Court entered an order asking Defendants to file a response to one of Plaintiff's motions [Doc. 67]. More than three months ago, the United States Postal Service ("USPS") returned the Court's mail to Plaintiff containing the November 19 order with a notation indicating that it was undeliverable as addressed and the USPS could not forward it [Doc. 70 at 1].

Also, on November 18, 2024, Defendants filed a motion for summary judgment [Doc 64]. However, Plaintiff did not file a timely response to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Plaintiff also did not seek an extension of time to respond to this motion.

Additionally, the Court's scheduling order required Plaintiff to file his pretrial narrative statement by January 20, 2025, and notified him that failure to timely file that document would

result in dismissal of this action [Doc 47 at 1–3].  But Plaintiff did not timely file this document or seek an extension of time to do so.

And most notably, on February 5, 2025, the Court entered an order providing Plaintiff thirty days to show good cause as to why the Court should not dismiss this action for want of prosecution [Doc. 71].  But Plaintiff did not file a timely response to this order, nor has he otherwise communicated with the Court since the entry of that order.

Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the pending motions [Docs. 54, 65, 68] will be **DENIED AS MOOT**.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to update the Court as to his most recent address change is due to his willfulness or fault.  As set forth above, more than three months ago, Plaintiff notified the Court that his address was changing and stated that he would

2

update the Court regarding his new address "as soon as possible" [Doc. 68 at 1]. But Plaintiff has not updated the Court as to any new address since this move, even though the Court previously notified him of the requirement that he do so within two weeks of any address change, and that dismissal could result from a failure to do so [*See, e.g.*, Doc. 54 at 1–2; Doc. 53 at 1; Doc. 47 at 3; Doc. 44 at 1; Doc. 41 at 1–2]. Thus, it is apparent that Plaintiff decided not to alert the Court as to his new address despite knowing of the requirement that he do so.

The Court also notes that, while Plaintiff has requested a stay of these proceedings in previous filings due at least in part to his anticipation of his moves to different jurisdictions [Docs. 55, 68], the Court has not granted any stay of this proceeding or in any way relieved Plaintiff of his duty to notify the Court of his current address [*Id.* at 2]. E.D. Tenn. L.R. 83.13 (providing that a pro se party has a duty to notify the Clerk and the other parties to the proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently"). The Court also points out that it takes very little effort for Plaintiff to update the Court as to his address and/or status, including the potential for any future address changes, and that this action has proceeded despite Plaintiff's previous moves to other jurisdictions [Docs. 28, 56, 62]. Moreover, prisoner movements to different jurisdictions are common, which is why the Court specifically instructs prisoners that they must timely update the Court regarding such address changes. And notably, in his most recent motion for a stay, Plaintiff sought a stay of this action until March 1, 2025 [Doc. 68 at 1]. But as of the date of this order, it is more than two weeks past March 1, 2025, and Plaintiff still has not updated the Court as to his new address or otherwise communicated with the Court since his apparent move from the last address he provided the Court.

As to the second factor, the Court finds that Plaintiff's failure to update the Court regarding his current address has prevented Defendants from (1) receiving Plaintiff's response to their pending motion for summary judgment [Doc. 64] and (2) preparing for the rapidly approaching trial of this matter with the information from Plaintiff's pretrial narrative statement. The Court further notes that, like the Court, Defendants cannot correspond with Plaintiff about this case without his current address.

As to the third factor, as set forth above, the Court repeatedly notified Plaintiff that failure to timely update the Court regarding any change in his address could result in dismissal of this action [*See*, *e.g.*, Doc. 54 at 1–2; Doc. 53 at 1; Doc. 47 at 3; Doc. 44 at 1; Doc. 41 at 1–2]. The Court also warned Plaintiff that failure to timely respond to the Court's previous order would result in dismissal of this action without further notice [Doc. 71 at 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, and he has failed to provide the Court with an updated address for more than three months, despite the Court's clear instructions regarding the requirement that Plaintiff do so within two weeks of any address change and the Court's entry of an order notifying Plaintiff that the Court would dismiss this action if he did not timely show good cause as to why he Court should not do so [Doc. 71].

On balance, the Court finds that these factors support dismissal of this action under Rule 41(b). The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his current address or

4

responding to the Court's show cause order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b), and the pending motions [Docs. 54, 65, 68] are **DENIED as moot**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24. A separate Judgment Order will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**